UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                      Plaintiff,

v.                                                    Case No. 21-cv-822-pp

AIMEE WILSON, M. SCHMIDT,
and D. BOUSHKA,

                      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Timothy Durley, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants gave him foods containing peanuts despite knowing he is severely allergic to peanuts. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 7, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $1.53. Dkt. No. 5. The court received that fee on July 20, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Aimee Wilson and D. Boushka, whom he alleges are food service supervisors at Waupun, and M. Schmidt, who is the food service chef. Dkt. No. 1 at 1–2. He alleges that on February 24, 2021, and "many time's after," he received peanut butter or peanut butter bars in his meal bags or on his meal tray. Id. at 2. The plaintiff alleges he is severely allergic to peanut butter and peanut butter bars and that he gets a special diet that says "multi allergy" on it. Id. at 3. He says that staff in the restricted

housing unit, where he is housed, are supposed to check his meal trays or bagged meals for the special diet. Id.

The plaintiff alleges he "wrote to the kitchen" and to each of the defendants after the first time he received peanut items, and he "receive[d] a reply saying the matter will be taken care of." Id. at 2. But he says he did not receive a reply to his later complaints about the issue. Id. On at least one occasion in June 2021, the plaintiff had an allergic reaction to peanut butter. Id. at 2–3. Nurse Ahlborg (who is not a defendant) treated his symptoms with a nebulizer and diphenhydramine liquid or pills. Id. at 3. The plaintiff alleges that he and the Health Services Unit at Waupun told food services about his allergy, but he still receives peanut butter items in his meal and snack bags and on his meal trays. Id. at 3. The plaintiff sues the defendants in their individual capacities for monetary damages. Id. at 3–4.

C. Analysis

The plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, an incarcerated plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective component of an Eighth Amendment violation requires the plaintiff to demonstrate that the official acted with the requisite intent, that is, that he had

4

a "sufficiently culpable state of mind." Id. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). Neither negligence nor gross negligence is enough to support an Eighth Amendment claim. See Farmer, 511 U.S. at 835–36; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).

The plaintiff alleges that he has a severe allergy to peanut butter and peanut butter bars and requires a special, multi-allergy diet. He says that on at least one occasion, he required medical treatment for symptoms he suffered after he consumed foods containing peanut butter. These allegations satisfy the objective component of an Eighth Amendment claim. See Gambrell v. Weichart, No. 15-CV-1146-JPS, 2017 WL 1194011, at *3 (E.D. Wis. Mar. 30, 2017) (citing cases concluding that food allergies can be "sufficiently serious when the prisoner shows substantial physical symptoms stemming from allergic reactions").

The plaintiff has not satisfied the subjective component of his Eighth Amendment claim against the defendants. He alleges that Wilson and Boushka are food service supervisors and that Schmidt is the food service chef. Although the plaintiff alleges that he complained to the defendants, he has not alleged that the defendants are the ones who put together his meal trays or meal bags. As supervisors of the food service unit, the defendants "may not be held liable for the unconstitutional conduct of their subordinates" who put together the trays or bags. Iqbal, 556 U.S. at 676. The defendants may be held liable only

5

Case 2:21-cv-00822-PP Filed 05/26/22 Page 5 of 9 Document 7

for their own conduct. Id.; Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). Because the plaintiff has not alleged that any of the defendants personally disregarded his special diet and gave him or allowed him to receive foods containing peanuts, they cannot be held liable for him receiving those items. The plaintiff has not stated an Eighth Amendment deliberate indifference claim against the defendants for the peanut-containing foods he received despite his dietary restriction.

Although the plaintiff may not proceed on his claim against the defendants, the court will give him an opportunity to amend his complaint to identify a proper defendant. He must allege who was personally involved in putting the peanut-containing foods on his tray or allowing the foods to be served to him, despite knowing about his severe allergy. If the plaintiff does not know the names of those involved, he may use a John or Jane Doe placeholder. He must provide any information he has about those persons that would help identify them, including the unit where they worked, the relevant dates, the number of people he wants to sue and whether they are male or female. The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by **June 27, 2022**. If the plaintiff files an amended complaint in time for the court to receive it by June 27, 2022, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended

complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court includes with this order a blank prisoner amended complaint form.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$348.47** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

The court **ORDERS** that plaintiffs who are persons who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

THE PLAINTIFF MUST NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**