UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

          Plaintiff,

v.                                          Case No. 21-cv-822-pp

KARAN STREEKSTER,
DANIEL BOUSHKA,
and ANGELA DAVIS,

          Defendants.

## ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 8)

On May 26, 2022, the court screened *pro se* plaintiff Timothy Durley's complaint under 42 U.S.C. §1983, determined that it failed to state a claim and ordered him to file an amended complaint by June 27, 2022. Dkt. No. 7. On June 8, 2022, the plaintiff filed an amended complaint. Dkt. No. 8. This decision screens the amended complaint.

**I.    Screening the Amended Complaint**

    A.    <u>Federal Screening Standard</u>

As explained in the previous order, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint names as defendants Karan Streekster, Daniel Boushka and Angela Davis, all of whom are alleged to work in the Food Services Unit ("FSU") at Waupun Correctional Institution. Dkt. No. 8 at 1–2. Streekster is an FSU chef, who watches staff prepare inmates' food trays and "snack bags" and prepares them herself. Id. at 3. Boushka and Davis are FSU supervisors. Id. at 3–4. The amended complaint does not name M. Schmidt or Aimee Wilson, whom the plaintiff named in his original complaint. Dkt. No. 1 at 1–2.

The amended complaint raises the same allegations as the original complaint. It alleges that the plaintiff has a severe peanut allergy, yet he has received items in his snack bag that contain peanuts. Dkt. No. 8 at 3. The plaintiff alleges that on April 4, 2021, he wrote to Streekster about receiving peanut-containing items in his snack bag. Id. Streekster responded that she would "be real stric[t] with [his] snack bag and be on lookout" for peanut-containing items. Id. The plaintiff says he previously told Streekster that he is allergic to peanuts, and FSU staff would check his snack bag before it left the FSU. Id. at 4. Streekster "assured" the plaintiff he "[would] not be having this problem no more." Id.

The plaintiff alleges that, despite Streekster's assurance, he continued receiving peanut-containing items in his snack bag. Id. He wrote to Davis and Boushka about the problem because, he says, their "job is to observe the 'FSU' line and to make sure the food is rightly fixed and also 'assist' in making trays

3

and 'snack bags.'" Id. On April 12, 2021, Davis and Boushka responded that they "[would] check [the plaintiff's] snack bag to make sure no peanut butter is in [his] snack bag and that all 'FSU' chef's including 'Ms Streekster' ha[ve] been informed meaning 'made aware' to daily check [his] snack bag." Id.

The plaintiff alleges that the defendants "disregarded in not daily checking [his] snack bag, daily as they 'all' three 'assured [him]' they [would]." Id. at 5. On June 14, 2021, the plaintiff received a peanut butter cookie in his snack bag, which he says "was fixed by 'FSU' Chef Karan Streekster." Id. The cookie caused the plaintiff to suffer an allergic reaction that he says almost killed him. Id. Registered Nurse Robert Ahlborg (who is not a defendant) provided the plaintiff nebulizer treatment and an allergy pill because the plaintiff's "throat was swelling and [he] was having [a] hard time breathing." Id. The plaintiff also experienced hives and rashes. Id. The plaintiff reiterates that each of the defendants was aware of his peanut allergy because of his past complaints about his snack bag contain items with peanuts or peanut butter. Id. He also reiterates that Davis and Boushka "personally fixed [his] snack bags and it had peanut butter in it." Id. at 5–6. The plaintiff alleges that Streekster "was working on 6-14-2021 and had fixed [his] 'snack bag' per 'RN' 'Ahlborg' who treated [his] injuries." Id. at 6.

The plaintiff sues the defendants in their individual capacities for allowing his snack bags to contain peanut or peanut butter items and for their "failure to intervene for they three assured [him] that [his] snack bag [would] be daily checked by either, Ms Davis, Mr Boushka, or Ms Streekster." Id. He seeks

$1 million in compensatory and punitive damages from each defendant "per time [he] received peanut butter in [his] snack bag." Id.

   C.   Analysis

As explained in the previous order, the plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must show he "is incarcerated under conditions posing a substantial risk of serious harm." Id. To satisfy the subjective component, the plaintiff must demonstrate that the defendants acted with the requisite intent, that is, that they had a "sufficiently culpable state of mind." Id. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837). In other words, the plaintiff must show that the defendants *intentionally* mistreated him. See Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005).

The court previously explained that the plaintiff's allegations about his severe peanut allergy, and the medical treatment he required to treat an allergic reaction to peanuts, satisfy the objective component of an Eighth Amendment claim. Dkt. No. 7 at 5 (citing Gambrell v. Weichart, No. 15-CV-1146-JPS, 2017 WL 1194011, at *3 (E.D. Wis. Mar. 30, 2017)). The question is

whether the allegations in the amended complaint satisfy the subjective component.

The court determined that the original complaint did not satisfy the subjective component because the plaintiff alleged only that Boushka (and Wilson, who is not named in the amended complaint) was a supervisor. He did not allege that either defendant was "the one[] who put together his meal trays or meal bags." Id. Because supervisors "may not be held liable for the unconstitutional conduct of their subordinates," the original complaint did not state a claim against Boushka. Id. (citing Iqbal, 556 U.S. at 676, and Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021)).

The amended complaint alleges that supervisors Boushka and Davis *have* personally prepared the plaintiff's snack bags and personally observed his snack bag when other FSU staff were preparing it. It alleges that Boushka and Davis knew about the plaintiff's food allergy and told him they would check his snack bag before it left the FSU to confirm it did not include any peanut-containing items. The amended complaint similarly alleges that Streekster told the plaintiff she would be strict about his snack bag and "on [the] lookout" for peanut-containing items in his bag. Dkt. No. 8 at 3. Despite the defendants' assurances, the plaintiff received snack bags containing a peanut or peanut butter item, and on one occasion he suffered a severe allergic reaction.

It is a close question whether the amended complaint sufficiently states a deliberate indifference claim. The plaintiff has not alleged that any defendant

deliberately placed items containing peanuts or peanut butter in his bag. It is possible that the incident on June 14, 2021 was an accident—the result of negligence. If so, the plaintiff has not stated a claim. As the court explained in the previous order, "[n]either negligence nor gross negligence is enough to support an Eighth Amendment claim." Dkt. No. 7 at 5 (citing Farmer, 511 U.S. at 835–36; Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001)).

On the other hand, the court construes liberally complaints filed by self-represented persons. Accepting the plaintiff's allegations as true, as the court must at the pleading stage, the plaintiff has alleged that these defendants had reason to know that including peanut items in the plaintiff's snack bag could be dangerous. He implies that despite this knowledge, the defendants did not bother to make sure that his snack bag did not contain peanut items. Deliberate indifference "poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" Stockton v. Milwaukee Cty., 44 F.4th 605, 615 (7th Cir. 2022) (quoting Donald v. Wexford Health Sources, Inc., 982 F.3d 451, 458 (7th Cir. 2020)). While "[n]egligence, or even objective recklessness, is insufficient to satisfy deliberate indifference," id. (citing Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016)), if a defendant knows of a plaintiff's severe peanut allergy but "blows off" his concerns and makes his snack bag the same way he or she makes any other incarcerated person's snack bag, a jury could conclude that that person was deliberately indifferent to a severe risk to the plaintiff.

Although close, the court concludes that at the screening stage, these allegations are sufficient to allow the plaintiff to proceed on an Eighth Amendment claim that the defendants were aware of, but were deliberately indifferent to, the plaintiff's severe peanut allergy. The court will allow him to proceed on this claim.

**II.  Conclusion**

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Karan Streekster, Daniel Boushka and Angela Davis at Waupun Correctional Institution. Under the informal service agreement, the court **ORDERS** those defendants to respond to the amended complaint within 60 days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs at

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also reminds the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 28th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**