UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                        Plaintiff,

v.                                                  Case No. 21-cv-822-pp

KARAN STREEKSTA, DANIEL BOUSHKA
and ANGELA DAVIS,

                        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 61) AND DENYING PLAINTIFF'S MOTION FOR A TELEPHONE HEARING (DKT. NO. 62)**

On October 31, 2023, the court granted the defendants' motion for leave to file an additional declaration from defendant Karen Streekstra in support of the defendants' motion for summary judgment (Dkt. No. 26). Dkt. No. 58. The court explained that the filing of the additional declaration (three and a half months after the defendants filed their summary judgment motion) would not prejudice the plaintiff because he had received the declaration weeks earlier and the defendants had discussed the declaration in their June 2023 summary judgment materials (they accidentally failed to file it in June). Id. In that same order, the court extended the plaintiff's deadline to respond to the defendants' summary judgment motion from October 31, 2023 to November 13, 2023, to give the plaintiff extra time to respond to the additional declaration. Id.

Because the defendants filed their motion for summary judgment on June 29, 2023, the plaintiff's opposition materials originally were due on July

31, 2023. Dkt. No. 33. Since then, the plaintiff twice has requested extensions of the deadline for filing his opposition materials—once on July 14, 2023 (Dkt. No. 34) and once on August 4, 2023 (Dkt. No. 39). The court granted both motions, dkt. nos. 36, 41; in its last order (dated August 14, 2023), the court extended the deadline to October 31, 2023, dkt. no. 41. In that August 14, 2023 order, the court advised the plaintiff that it would "not further extend this deadline." Id. Nonetheless, because it gave the defendants permission to file an additional declaration, the court—on its own, without being asked by the plaintiff—extended that deadline to November 13, 2023. Dkt. No. 58.

On September 20, 2023—over a month before the previously-set October 31, 2023 deadline—the court received over 300 pages of exhibits and documents from the plaintiff. Dkt. No. 45. Although the plaintiff included a table of contents, id. at 3, the court received a single pile of papers; they were not sorted or tabbed or organized so that the court could match the items listed on the table of contents with specific documents in the pile. The table of contents says the plaintiff's documents include his brief in opposition to the defendants' motion for summary judgment and other opposition documents. Id. But the court has reviewed the documents and cannot find the plaintiff's brief in opposition to the defendants' summary judgment motion, his response to their proposed findings of fact or a declaration from the plaintiff. The documents include only exhibits and declarations from other incarcerated persons.

On November 6, 2023, the court received three motions from the plaintiff: a second motion for sanctions against the defendants (the court has not yet ruled on his first motion, Dkt. No. 46), dkt. no. 60, a motion for an extension of time to file his response to the defendants' motion for summary judgment, dkt. no. 61, and a motion for a telephone hearing, dkt. no. 62. The court will address the plaintiff's motions for sanctions in a separate order.

In his motion for an extension of time, the plaintiff asks the court to extend the deadline for him to file his opposition materials to the summary judgment motion until January 12, 2024, to allow him "to file the necessary documents incorporated in opposition to Karan [*sic*] Streekstra." Dkt. No. 61 at 1. The plaintiff says that he has a trial on November 16, 2023, and will be away from his institution. Id. He says he also is working on a summary judgment response in another of his cases before this court, and that he will be away for court in Brown County in December 2023. Id. The plaintiff says he does not know what documents he must file in response to defendant Streekstra's declaration. Id. at 2. He asks if he should file a brief in response to her declaration and insists that the defendants will be required to rewrite their summary judgment brief (which they filed on June 29, 2023) "due to the additional declaration" because the statements in the declaration "will not match or add up to Streekstra additional declaration line." Id.

In his motion for a telephone hearing (or a written response), the plaintiff says that he needs the court to tell him what "specific documents" he must file "concerning Streekstra." Dkt. No. 62 at 1. He recounts that in its October 31,

2023 order, the court said that he could "incorporate" his response to Streekstra's declaration into his opposition brief, but he says that he does not know what the court meant by "incorporate." Id. at 1-2. The plaintiff asks whether he will be required to "file an extra brief in opposition to Streekstra, brief, or what?" Id. at 2. He also asks if he will be required to file another motion for summary judgment,[1] or declaration, and/or a response to Streekstra's proposed findings of fact. Id. He asserts that he "filed for summary judgment on 9-19-23 and all of [his] responses would be the same." Id. at 2. He asks the court to schedule a telephone conference or provide a written response advising him how to proceed. Id.

The court will deny the plaintiff's motions for an extension of time and for a telephone hearing but will provide the plaintiff the written explanation he requested.

In August, when the plaintiff last asked the court for an extension of time, he told the court that he was waiting for some documents, that he would be out of the institution for court in August and that he had upcoming cases in two counties. Dkt. No. 39 at 1. He also explained that he needed to take a break from writing every now and then to rest his hands/wrists. Id. at 2. The court gave the plaintiff the extension of time that he requested—an extension of two months from the prior August 30, 2023 deadline. Dkt. No. 41. The court told the plaintiff that it would not extend the new, October 31, 2023 deadline.

---

[1] The deadline for filing summary judgment motions was June 29, 2023. Dkt. No. 15. The plaintiff did not file his own motion for summary judgment by that deadline, and it is far too late for him to file such a motion now.

4

Id. (By that time, it had been almost two months since the defendants had filed their summary judgment motion.) Even though the court said on August 14, 2023 that it would not extend the October 31, 2023 deadline, however, it *did* extend the deadline—without the plaintiff asking it to—when it allowed the defendants to file Streekstra's declaration. Dkt. No. 58. In its order extending that deadline, the court stated that the plaintiff would not be prejudiced by the court accepting the late-filed declaration because he already had the declaration and because the court was giving him additional time to file his opposition materials. Id.

The plaintiff asserts that the defendants will have to rewrite their summary judgment brief because they will need to add in arguments related to Streekstra's declaration. But that is not correct. The defendants' summary judgment materials *already* refer to Streekstra's declaration (and have since June 2023); the late-filed declaration does not add new information to the defendants' brief or to their proposed findings of fact. The reason the defendants were late in filing Streekstra's declaration was not because they did not obtain it until October 2023—the declaration is dated June 16, 2023. Dkt. No. 50. They thought they filed that declaration in June 2023, along with their summary judgment motion, brief and other materials. Only when they later reviewed the docket did the defendants realize that they *accidentally* failed to include Streekstra's declaration with the other materials they filed in June. There is no need for the defendants to rewrite their brief or their proposed findings of fact.

The plaintiff says that he does not know how to respond to this declaration and that he does not understand what the court meant when it said it was giving him additional time to "incorporate" his response to the declaration into his opposition brief. The plaintiff's confusion appears to come from the fact that he believes he filed his opposition brief and other opposition materials in September of this year. Because the plaintiff is under the misimpression that the court had received his opposition brief and materials *before* the defendants filed Streekstra's declaration, he now asks the court whether he must a new brief in opposition to the defendants' motion, or file a document opposing the declaration, or even file his own motion for summary judgment.

But as the court has explained, the court *has not* received the plaintiff's brief in opposition to the defendants' motion. The court has received only a packet of 300 pages of *exhibits*. Dkt. No. 45. That document does not contain the plaintiff's brief in opposition to the defendants' motion for summary judgment, his response to their proposed findings of fact or a declaration from the plaintiff. The reason the court extended to November 13, 2023 the plaintiff's deadline to respond to the defendants' motion was because it has *not* received his response materials. When the court said in its October 31, 2023 order that the plaintiff could "incorporate" his response to the Streekstra declaration in his opposition brief and other opposition materials, it was referring to the fact that it had not yet received those materials and assuming that the plaintiff was still working on them. The court assumed that as long as

the plaintiff had not yet filed his opposition brief and materials, he could just add in to that brief and those materials any argument he wanted to make about Streekstra's declaration.

If the plaintiff still wants to oppose the defendants' motion for summary judgment, he has time to do so. He must file a *single* opposition brief, responding to all three of the defendants' arguments (including Streekstra's) and declarations; a *single* response to the defendants' proposed findings of fact; and a *single* set of his own proposed findings of fact. He may also file his own declaration, addressing the facts relating to all three defendants (including Streekstra's). Again, the plaintiff should include in his single set of opposition materials any response to Streekstra's declaration—the contents of which the defendants referenced in their brief and proposed facts filed over four months ago, in June 2023. Dkt. Nos. 27, 28.

The court will not extend the deadline for the plaintiff to file his response to the defendants' motion for summary judgment. The court already has granted him three extensions of time; the plaintiff has had over four months to prepare his opposition materials. Even though the plaintiff told the court in his August 2023 motion for an extension of time that he would not be able to file his opposition materials until October 2023, the court received his 300 pages of exhibits on September 20, 2023. Dkt. No. 45. As the court has explained, the 300 pages of exhibits includes a table of contents in which the plaintiff lists his opposition brief and other opposition materials (even though he didn't include them). The fact that the plaintiff named these documents and believed he filed

them almost a month and a half *before* the October 31, 2023 deadline he requested suggests the plaintiff *did* have time to prepare and file his opposition materials.

This is not the only case in which the plaintiff has requested a large extension of time to file a response to the defendant's motion for summary judgment, claiming he had no time to work on those filings, and then filed his response materials well before the extended deadline. In Case No. 21-cv-154-pp, the court extended the plaintiff's deadline to file his summary judgment response materials from August 16, 2023 to October 31, 2023, because the plaintiff told the court that he "[would] be in and out of Waupun Correctional Institution . . . for court days in each of the next four months, that he has upcoming deadlines in several other cases and that he is waiting on some documents from Waupun's records office." Case No. 21-cv-154-pp, Dkt. No. 59. But the court received the plaintiff's opposition materials on September 18, 2023—a month and a half before the extended deadline that he had requested. Id., Dkt. Nos. 60–62. Again, this suggests that the plaintiff had ample time to prepare opposition materials, and that he found the time to do so for two summary judgment motions, in two cases, at the same time.

The plaintiff also has found the time to file motions for sanctions in every case he has pending before this court; he has accused the defendants of lying, not turning over documents and other misdeeds. He has found the time to file repeated requests for extensions of time (extensions of time that he does not use) and repeated requests for leave to file excess pages. And despite asking for

8

extensions of time, he appears to have found the time to prepare (even though he did not file) the opposition materials in this case. If the plaintiff has opposition materials, it is time for him to file them.

If the court does not *receive* the plaintiff's opposition brief and other opposition materials (responses to the defendants' proposed findings of fact, his own proposed findings of fact and, if he chooses to file one, his declaration) by the end of the day on November 13, 2023, the court will consider the defendants' motion unopposed, as it previously has warned the plaintiff it would do in this case and others.

The court **DENIES** the plaintiff's motion for an extension of time. Dkt. No. 61.

The court **DENIES** the plaintiff's motion for a telephone hearing. Dkt. No. 62.

The court **ORDERS** that if the court does not *receive* the plaintiff's brief and other materials in opposition to the defendants' summary judgment motion **by the end of the day on November 13, 2023**, it will consider the defendants' motion unopposed. The court will not grant any future motions to extend the plaintiff's deadline to file his opposition materials.

Dated in Milwaukee, Wisconsin this 8th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**